Rubye Bania, Plaintiff-Appellant, *v.* Royal Lahaina Hotel, Defendant-Appellee.

First District (4th Division) No. 61198

Opinion filed November 26, 1975.—Rehearing denied May 12, 1976.

William T. Halvorsen, of Chicago, for appellant.

Hinshaw, Culbertson, Moelmann, Hoban & Fuller, of Chicago (D. Kendall Griffith, Stanley J. Davidson, and Lawrence R. Moelmann, of counsel), for appellee.

Mr. JUSTICE ADESKO delivered the opinion of the court:

Plaintiff, Rubye Bania, an Illinois resident, appeals an order of the Circuit Court of Cook County, quashing service of summons and complaint on defendant, Royal Lahaina Hotel, a Hawaiian Corporation. Plaintiff, an Illinois resident, alleges that she was solicited by defendant to come to the defendant's Hawaiian Hotel, but does not allege facts upon which such solicitation is based. She claims to have been injured as a guest of defendant through defendant's negligence. She further alleges that defendant informed her that Fireman's Fund American Insurance Companies were defendant's representative and agent and said claim should be brought against defendant under its insurance policy. Plaintiff returned to Chicago and filed suit against defendant and the insurance company, serving the defendant in Hawaii and the insurance company in Chicago, Illinois. The Circuit Court dismissed the insurance company since Illinois does not allow a direct action against an insurer before the insured's liability is established. (*Marchlik v. Coronet Insurance Co.* (1968), 40 Ill.2d 327, 239 N.E.2d 799.) In its special and limited appearance the defendant hotel moved to quash service of summons and to dismiss the action. The hotel submitted an affidavit through its manager, Mr. William Baker, which stated the hotel did no act in Illinois which could serve as the basis for the court's jurisdiction over it. Plaintiff filed no counteraffidavit.

In this appeal plaintiff contends that jurisdiction over the defendant hotel falls within the provisions of the Illinois "long-arm" statute. (Ill. Rev. Stat. 1973, ch. 110, pars. 16, 17.) Plaintiff specifically relies on section 17(1)(a) of the Illinois Civil Practice Act alleging that she was solicited to come to Hawaii as a guest of defendant hotel. We find no acts alleged to have been committed by the defendant so as to constitute solicitation sufficient to come within section 17(1)(a) of the Illinois Civil Practice

Act. We look, rather, to plaintiff's allegation that the defendant hotel told plaintiff to bring her claim against the Hotel under the hotel's insurance policy.

■■ Jurisdiction *in personam* finds its origins in the common-law doctrines of presence and consent. "The foundation of jurisdiction is physical power * * *." (*McDonald v. Mabee* (1917), 243 U.S. 90, 91, 61 L.Ed. 608, 37 S.Ct. 343.) The absence of physical power could be remedied by either the presence or the consent of the defendant. At common law one could argue that the interests of the parties and the State roughly coincided with presence in an era of limited mobility. The traditional bases of jurisdiction over the individual—presence, actual consent, and later, domicile—were not sufficient, however, to meet the needs of a growing and mobile population in 20th Century America. The non-resident tortfeasor who left the State before he was served and the nonresident individual who carried on business in the State exclusively through agents could not be brought within the State's jurisdiction. Two Supreme Court decisions solved these jurisdictional problems with a theory of implied consent (*Hess v. Pawloski* (1927), 274 U.S. 352, 71 L.Ed. 1091, 47 S.Ct. 632; *Henry L. Doherty & Co. v. Goodman* (1935), 294 U.S. 623, 79 L.Ed. 1097, 55 S.Ct. 553) and placed a new emphasis on the interest of the forum State.

■■ The Supreme Court decision in *International Shoe Co. v. Washington* (1945), 326 U.S. 310, 90 L.Ed. 95, 66 S.Ct. 154, focused attention on a new approach to the question of State-court jurisdiction based upon fundamental fairness as determined by an analysis of relevant interests. *International Shoe* discarded the presence and consent theories as mere legal conclusions that the assumption of jurisdiction was reasonable. The court substituted a test that looked to whether or not a corporation might reasonably be required to defend where sued. Due process was held to require a nonresident defendant to have certain minimum contacts with the forum so that requiring him to defend in the forum would not be contrary to "traditional notions of fair play and substantial justice." The defendant's activities were not to be considered quantitatively, but were to be examined in terms of their quality and nature and their connection with the obligation sued upon. *McGee v. International Life Insurance Co.* (1957), 355 U.S. 220, 2 L.Ed.2d 223, 78 S.Ct. 199, applied the permissive policy of *International Shoe* to find State-court jurisdiction over a foreign insurance company which, without ever sending agents into the forum State, had insured one of its residents. However, in *Hanson v. Denckla* (1958), 357 U.S. 235, 2 L.Ed.2d 1283, 78 S.Ct. 1228, the court denied jurisdiction over a nonresident trustee whose sole contact with the

forum State was his correspondence with a settlor, who had moved there subsequent to establishment of a trust. The *Hanson* court found no single, affirmative, purposeful act on the part of the defendant so as to bring him within the purview of *International Shoe* and *McGee.*

■■ Illinois availed itself of the latitude afforded through *International Shoe* with the enactment of section 17 of its Civil Practice Act, the Illinois "long-arm" statute. The power of a State court to enter a binding judgment upon a nonresident defendant depends upon certain minimum contacts with the State and a reasonable method of notification. *Nelson v. Miller* (1957), 11 Ill.2d 378, 143 N.E.2d 673; *Gray v. American Radiator & Standard Sanitary Corp.* (1961), 22 Ill.2d 432, 176 N.E.2d 761.

Every valid exercise of judicial jurisdiction affects the interests of persons. Our examination thus far has dealt with *in personam* jurisdiction. In addition to *in personam* jurisdiction, a second major category of judicial jurisdiction which also focuses on the interests of persons in a different way is jurisdiction *quasi in rem.* Actions *quasi in rem* determine the rights of the parties to particular property. The outer boundaries of *quasi in rem* jurisdiction, however, are not yet firmly placed. For example, a controversial line of New York cases (*Seider v. Roth* (1966), 17 N.Y.2d 111, 269 N.Y.S.2d 99, 216 N.E.2d 312; *Simpson v. Loehmann* (1967), 21 N.Y.2d 305, 287 N.Y.S.2d 633, 234 N.E.2d 669. *Minichiello v. Rosenberg* (2d Cir. 1968), 410 F.2d 106) has held that a resident plaintiff may attach the insurance policy of a nonresident defendant when injuries to the resident plaintiff have resulted from an out-of-State tort. The jurisdiction is *quasi in rem* and is based on the insurance company's doing business within the New York forum State. Recovery, however, is limited to the extent of the policy unless defendant files a general appearance. We find it unnecessary to expand the Illinois bases of jurisdiction to that of the *Seider* line in the instant case. We look, rather to a State's power to exercise jurisdiction over an individual who has consented to the exercise of such jurisdiction.

Plaintiff alleges in the instant case that the manager of the defendant hotel told her to file her claim under the hotel's insurance policy. Plaintiff's counsel argued in his motion before the Circuit Court that the insurance company was located in Chicago, Illinois. Plaintiff, pursuant to instructions from the hotel manager, served the insurance company in Illinois and the hotel in Hawaii.

■■ In Illinois jurisdiction over the person may be conferred by consent. (*Rabbitt v. Frank C. Weber & Co.* (1921), 297 Ill. 491, 130 N.E. 787.) Furthermore, our courts have based jurisdiction on section 17(1)(a) of the Illinois Civil Practice Act with such limited nonresident activity in

Illinois as advertisements and travel brochures (*Hutter Northern Trust v. Door County Chamber of Commerce* (7th Cir. 1968), 403 F.2d 481) and a single telephone call into Illinois. (*Cook Associates, Inc. v. Colonial Broach and Machine Co.* (1973), 14 Ill.App.3d 965, 304 N.E.2d 27.) At the same time section 17 of the Illinois Civil Practice Act in no way "limits or affects the right to serve any process in any other manner now or hereafter provided by law." (Ill. Rev. Stat. 1973, ch. 110, par. 17(4).) The legislature's purpose was to expand rather than to limit jurisdiction. No mechanical test, however, resolves every case of contested jurisdiction. Each case must be resolved on its own particular facts and circumstances. *Stansell v. International Fellowship, Inc.* (1974), 22 Ill.App.3d 959, 318 N.E.2d 149.

Plaintiff, in the case at bar, is an Illinois resident who alleges to have been injured in Hawaii through the negligence of the Hawaiian hotel. She further alleges she was told by the manager of the defendant hotel to bring her claim against it through the hotel's insurance company, who the defendant knew, or should have known, had offices in other states of the union. Plaintiff followed the manager's instructions, returned home to Chicago, and served the insurance company in Chicago and the hotel in Hawaii.

■■ Defendant is engaged in the hotel business and, therefore, is constantly dealing with nonresident guests. Although defendant asserts neither to have engaged in activity nor to have had any agents in the Illinois forum State, the record reveals no denial in the hotel manager's affidavit that he told the plaintiff to bring her claim to the hotel's insurance company. Defendant could reasonably expect plaintiff to rely on defendant's directions. Moreover, defendant knew, or reasonably should have known, plaintiff was a nonresident of Hawaii. He also reasonably foresaw the bringing of the instant action outside the State of Hawaii because of his directions to plaintiff. To allow defendant hotel to send a nonresident plaintiff to file her claim in the plaintiff's State of residence and then to quash service of summons for lack of personal jurisdiction over the defendant is to allow defendant to profit from his own misconduct.

We are of the opinion defendant has consented to personal jurisdiction in the Illinois forum. Defendant and defendant's insurance company both have notice of the pending suit in Illinois. Defendant's statement that plaintiff bring her claim to the office of the insurance company places defendant in a position to reasonably expect suit in a State other than Hawaii. The defendant hotel, through its manager, has taken an affirmative, purposeful step so as to come within the purview of *International*

*Shoe* and *McGee*. Requiring defendant to defend in the Illinois forum is not contrary to traditional notions of fair play and substantial justice under *International Shoe, Nelson* and *Gray*.

For the foregoing reasons, the order of the Circuit Court of Cook County quashing the service of summons and complaint upon defendant is reversed.

Order reversed.

DIERINGER, P. J., and JOHNSON, J., concur.