**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-3973
_____

ANTHONY V. BARBIERO,
                                        Appellant
v.

GERALD S. KAUFMAN; GERALD S. KAUFMAN CORP
_____

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

(D.C. No. 2-12-cv-06869)
District Judge: Hon. Mary A. McLaughlin
_____

Submitted Under Third Circuit LAR 34.1(a)
September 12, 2014
_____

Before: MCKEE, Chief Judge, SMITH, and SHWARTZ, Circuit Judges.

(Filed: September 15, 2014)
_____

OPINION
_____

SHWARTZ, Circuit Judge.

Anthony Barbiero is a beneficiary of a trust. He filed suit in Pennsylvania's

Orphans' Court to replace the trustee, Gerald S. Kaufman (the "Pennsylvania Action").

Kaufman removed the case to the District Court. Because the District Court correctly declined to remand this case and correctly dismissed this case in favor of ongoing litigation in Illinois state court, we will affirm.

I

As we write principally for the benefit of the parties, we recite only the essential facts and procedural history. Barbiero is one of approximately 600 tenants in common of an office building in Philadelphia valued at more than $50 million. The building is held in a trust of which Barbiero is a beneficiary. Barbiero and his wife have a 0.0549% interest in the building. Kaufman manages the trust. Under the trust agreement, trustees[1] are prohibited from encumbering the property unless all tenants in common agree.

Kaufman filed suit in Illinois (the "Illinois Action"), seeking permission to deviate from the unanimity provision, contending that he is unable to secure the consent of all tenants in common as required by the trust agreement and that, absent a loan secured by a mortgage on the property, the beneficiaries will lose the trust property. Barbiero, among others, was named as a defendant, both individually and as a representative of a class of beneficiaries. The Illinois Action is pending.

Three months after the Illinois Action began, Barbiero filed the Pennsylvania Action, in which Barbiero alleged that Kaufman breached his fiduciary duty[2] by entering

---

[1] The parties use "nominee" and "trustee" interchangeably.
[2] This Court affirmed the dismissal of similar claims against Kaufman brought by other beneficiaries, albeit on different grounds than those discussed herein. See Appel v. Kaufman, 481 F. App'x 774 (3d Cir. 2012) (not precedential).

2

into a mortgage agreement without the consent of all tenants in common, that the mortgage is in default and accruing interest of 14.05%, and that replacement of Kaufman is necessary "to prevent a pending foreclosure." App. 48.[3] Kaufman removed the Pennsylvania Action to the District Court pursuant to 28 U.S.C. § 1446, Barbiero filed a motion to remand under 28 U.S.C. § 1447(c), and Kaufman filed a motion to dismiss.

The District Court denied the motion to remand. It held that it had diversity jurisdiction, as the suit met the $75,000 amount in controversy requirement and the parties were diverse: Barbiero was a citizen of New York, Kaufman was a citizen of Illinois, and Gerald S. Kaufman Corp., which holds title to the building, was a citizen of Delaware, its state of incorporation, and Illinois, the site of its principal place of business. The District Court also rejected Barbiero's argument that the citizenship of the trust and of each of its beneficiaries had to be considered because Barbiero had petitioned for Kaufman's removal only on behalf of himself as a single beneficiary and neither the trust nor any of the other beneficiaries were parties. Next, the District Court rejected Barbiero's argument that remand was required under Princess Lida of Thurn & Taxis v. Thompson, 305 U.S. 456 (1939), concluding that Princess Lida applies to two separately filed cases and not to a single case initially brought in state court and then removed to federal court. The District Court also rejected Barbiero's argument that it should abstain and remand the Pennsylvania Action to the Orphans' Court, noting that "federal courts

---

[3] Elsewhere, Barbiero alleged that foreclosure proceedings are not currently pending.

3

have exceedingly limited warrant to simply yield jurisdiction on matters of state law." App. 21-22.

The District Court, however, dismissed the case for lack of subject matter jurisdiction under Princess Lida. It held that the Pennsylvania and Illinois Actions are quasi in rem for the purposes of Princess Lida and that it was required to "cede jurisdiction to the previously filed and ongoing Illinois Action . . . ." App. 29.

The District Court denied Barbiero's motion for reconsideration. The District Court acknowledged that it had incorrectly determined that Barbiero's 0.0549% interest in the property satisfied the amount in controversy requirement, but held that the amount in controversy requirement was still satisfied because Barbiero's suit alleged that Kaufman's actions threatened the entire property. Barbiero appeals.[4]

## II

## A

We first address the existence of subject matter jurisdiction under 28 U.S.C. § 1332(a) and the District Court's denial of Barbiero's motion to remand. The District Court had diversity jurisdiction. The $75,000 amount in controversy requirement is met.

---

[4] We have jurisdiction pursuant to 28 U.S.C. § 1291. The District Court's jurisdictional decisions are reviewed de novo insofar as they raise questions of law, and the underlying factual determinations are reviewed for clear error. See Mala v. Crown Bay Marina, Inc., 704 F.3d 239, 247 (3d Cir. 2013). "We review the District Court's decision not to abstain for abuse of discretion, although the underlying legal questions that determine whether the case falls within the range in which the District Court may exercise discretion are subject to plenary review." IFC Interconsult, AG v. Safeguard Int'l Partners, LLC, 438 F.3d 298, 305 (3d Cir. 2006).

Where, as here, a plaintiff seeks injunctive relief, "the amount in controversy is measured by the value of the right sought to be protected by the equitable relief." In re Corestates Trust Fee Litig., 39 F.3d 61, 65 (3d Cir. 1994). Here, Barbiero seeks to remove the trustee to protect the trust property. The request to remove "a trustee does not [necessarily] place the entire trust corpus into controversy; instead plaintiffs must seek by way of an injunction protection from an activity which threatens in excess of $[75,000] of the trust corpus." Id. at 66. Thus, to determine the amount in controversy, we must look to the value that Kaufman's alleged conduct threatens. Barbiero alleged that Kaufman's conduct created the threat of foreclosure on the property. By alleging that Kaufman's conduct jeopardized the entire value of the $50 million property, Barbiero sought "protection from an activity which threatens in excess of $[75,000] of the trust corpus." Corestates, 39 F.3d at 66. Thus, the amount in controversy requirement is satisfied.

The parties are completely diverse. See Zambelli Fireworks Mfg. Co. v. Wood, 592 F.3d 412, 419 (3d Cir. 2010) ("Complete diversity requires that . . . no plaintiff be a citizen of the same state as any defendant."). Barbiero is not a citizen of the same state as either defendant, but he contends that the trust is also a party and that the citizenship of each of its approximately 600 beneficiaries must therefore be considered. This argument lacks support. This Court has held that "[i]n a suit by or against the individual trustees of a trust, where the trustees possess certain customary powers to hold, manage and dispose of assets, their citizenship, and not that of the trust beneficiaries, is controlling for diversity of citizenship purposes." Emerald Investors Trust v. Gaunt Parsippany Partners,

5

492 F.3d 192, 200-01 (3d Cir. 2007) (internal quotation marks and alteration omitted). This suit is against a trustee who appears to possess such powers, and thus it is the trustee's citizenship that matters. Further, the statute on which Barbiero relies does not require that the trust be a party. 20 Pa. Cons. Stat. § 7766 ("[A] beneficiary may request the court to remove a trustee . . . ."). Accordingly, the District Court correctly concluded that the parties are completely diverse.

The District Court also correctly declined to remand the action to the Orphans' Court despite "its expertise in the area of trusts and estates." App. 18. "Federal district courts have a virtually unflagging obligation to exercise the jurisdiction given them," and "[a] district court has little or no discretion to abstain in a case that does not meet traditional abstention requirements." IFC Interconsult, AG v. Safeguard Int'l Partners, LLC, 438 F.3d 298, 305-06 (3d Cir. 2006) (internal quotation marks and alteration omitted). "The threshold requirement for a district court to even entertain abstention is a contemporaneous parallel judicial proceeding," meaning "there must be identities of parties, claims, and time." Id. at 306.

Here, no such parallel judicial proceeding exists. Although the Illinois Action does involve administration of the same trust, the claims and relief sought are distinct from those in this case. Cf. Reichman v. Pittsburgh Nat'l Bank, 465 F.2d 16, 17-18 (3d Cir. 1972) (affirming dismissal of federal complaint "under the abstention doctrine" where there were ongoing Orphans' Court proceedings involving the same parties and claims). For this reason, we conclude that the District Court lacked discretion "to even

6

entertain abstention," IFC Interconsult, 438 F.3d at 306, and that it correctly denied Barbiero's motion to remand on that ground.

Furthermore, Princess Lida does not support remand to the Orphans' Court. The Princess Lida doctrine "prevents a court in which an action is filed from exercising jurisdiction when a court in a previously filed action is exercising control over the property at issue and the second court must exercise control over the same property in order to grant the relief sought." Dailey v. Nat'l Hockey League, 987 F.2d 172, 175 (3d Cir. 1993). This rule seeks to avoid "legal disharmony" between courts that may be asked to make decisions about the same property. Id. at 177.

Although Barbiero argues that "the Orphans' Court has already asserted exclusive jurisdiction over the trust," Appellant Br. 25, he ignores the effect of removal, which places the case "under the sole jurisdiction of the federal court from the time of filing until the court remands it back to state court." In re Diet Drugs, 282 F.3d 220, 231 n.6 (3d Cir. 2002). There is no danger of legal disharmony or inconsistent rulings between the Orphans' Court and the District Court, as there is no case currently pending in the Orphans' Court. Thus, the rule of Princess Lida does not require remand.

B

Princess Lida, however, does require dismissal of this second-filed case. Because suits requiring courts to exercise control over the trust property are pending in two different courts, Princess Lida "requires that the court in which the second suit is brought yield its jurisdiction if the requisite 'property' showing is made." Dailey, 987 F.2d at

7

176. This showing is made when: "(1) the litigation in both the first and second fora are in rem or quasi in rem in nature, and (2) the relief sought requires that the second court exercise control over the property in dispute and such property is already under the control of the first court." Id. Because both of these requirements are met as a result of the earlier-filed Illinois Action, the District Court correctly dismissed this case.[5]

First, like most cases involving trusts, the Pennsylvania Action and the Illinois Action are in rem or quasi in rem under Princess Lida. "[A] suit that concerns or determines the ownership, control and administration of a trust and the powers, duties and liabilities of the trustees is either in rem or quasi in rem" under Princess Lida. Cassity v. Pitts, 995 F.2d 1009, 1012 (10th Cir. 1993); see also Cartwright v. Garner, 751 F.3d 752, 762 (6th Cir. 2014) ("In suits involving trust administration, the court must control the property in order to give effect to the resolution of the case, and [such suits] are quasi in rem."); Thompson v. Fitzgerald, 198 A. 58, 63 (Pa. 1938) (suits to administer trusts are quasi in rem), aff'd sub nom. Princess Lida, 305 U.S. 456; Austin v. Royal League, 147 N.E. 106, 109 (Ill. 1925) (a proceeding seeking "to affect the interest of a named person in specific property . . . is . . . quasi in rem"); Bania v. Royal Lahaina Hotel, 347 N.E.2d 106, 108 (Ill. App. Ct. 1975) ("Actions [q]uasi in rem determine the rights of the parties to particular property."). Similarly, an action is in rem or quasi in rem where "the conduct of [t]rustees and the damages to [b]eneficiaries must be

_____

[5] Because we are affirming based on Princess Lida, we need not reach the other arguments Kaufman makes in support of dismissal.

8

determined in reference to the trust . . . ." Cassity, 995 F.2d at 1012. Such cases differ from cases "adjudicat[ing] . . . a party's right or interest . . . ." Dailey, 987 F.2d at 176-77 (internal quotation marks and alterations omitted).

Applying these principles, the Illinois Action and the Pennsylvania Action are quasi in rem under Princess Lida and the law of those respective states. In the Illinois Action, Kaufman requests permission to deviate from the trust agreement, contending that the agreement itself threatens the viability of the trust. Such contentions necessarily require a construction of the terms of the trust agreement, which will undoubtedly affect Barbiero's interests in and Kaufman's powers regarding specific property. The Pennsylvania Action entails assessing Kaufman's conduct as trustee as compared to his obligations under the trust agreement, and if Barbiero's petition is successful, it will result in the replacement of Kaufman as trustee, intimately affecting the administration of the trust itself. See Thompson, 198 A. at 63-64. Because both the Illinois Action and the Pennsylvania Action are suits implicating the administration of the trust and the powers, duties, and liabilities of the trustee, the first step of the Princess Lida analysis is satisfied. See Cassity, 995 F.2d at 1012; Dailey, 987 F.2d at 176.

Second, the relief sought in the Pennsylvania Action and the Illinois Action would require both courts to exercise control over the trust. See Dailey, 987 F.2d at 176. In the Illinois Action, Kaufman seeks to reform the language of the trust agreement and expand his ability to make decisions about the trust property, while in the Pennsylvania Action, Barbiero seeks to remove Kaufman as trustee. As the District Court noted, if it had

9

granted the relief Barbiero had requested and removed Kaufman, "it would greatly impede the trust administration proceedings of the Illinois Action and call into question the justiciability of that suit." App. 28. Thus, if both courts were to exercise jurisdiction simultaneously, their decisions could create "the type of legal disharmony the Princess Lida Court sought to avoid." Dailey, 987 F.2d at 177. Hence, the District Court correctly concluded that Princess Lida required it to dismiss this case.

III

For the foregoing reasons, we will affirm the District Court's denial of Barbiero's motion to remand, its dismissal under Princess Lida, and its denial of Barbiero's motion for reconsideration.