WILMOT H. SIMONSON CO., an Illinois corporation, Plaintiff,

v.

GREEN TEXTILE ASSOCIATES, INC., a Massachusetts corporation, and Maurice Simon, Defendants.

No. 82 C 5907.

United States District Court, N.D. Illinois, E.D.

Feb. 4, 1983.

Richard Apostolik, Gordon, Schlack, Glickson, Gordon & Davidson, Chicago, Ill., for plaintiff.

Rosemarie J. Guadnolo, Arvey, Hodes, Costello & Burman, Chicago, Ill., for defendants.

## OPINION AND ORDER

BUA, District Judge.

Before the Court is the Defendants' Motion to Dismiss or to Transfer brought under the various provisions of Fed.R.Civ.P. 12(b). For the reasons stated herein, the Motion to Dismiss is denied and the cause is ordered transferred to the District of Massachusetts.

## FACTS

Plaintiff brought the instant lawsuit in the U.S. District Court for the Northern District of Illinois seeking a declaratory judgment pursuant to 28 U.S.C. 1332. Federal jurisdiction is based on diversity.

Plaintiff Wilmot H. Simonson Co., Inc., (WHS-Ill.) is an Illinois corporation engaged in the sale and manufacture of fruit-based beverages. Defendant Green Textiles Associates, Inc. (Green Textiles) is a Massachusetts corporation and is a party to, and guarantor of, the agreement which is the subject of the instant lawsuit. Defendant Simon, a resident of Massachusetts, is an officer, director, and shareholder of Green Textiles and was a signatory of the agreement.

In its complaint, plaintiff alleges that in September, 1979, an Agreement of Sale (the "agreement") was entered into among Wilmot H. Simonson Co., Inc., a Massachusetts corporation (WHS-Mass.), Green Textiles, Simon, and The Nedlog Company (Nedlog), an Illinois corporation. Under the terms of the agreement, WHS-Mass. was to sell Nedlog substantially all of its assets. Additionally, it was agreed that WHS-Mass., Green Textiles, and Simon would refrain from participating in the area of business of the buyer and the seller for a period of ten years. After the distribution of assets, WHS-Mass. was merged with Green Textiles.

On or about September 17, 1979, WHS-Ill. was organized as an Illinois corporation. Shortly thereafter, Nedlog assigned to WHS-Ill. all of its rights, title and interest in the agreement. WHS-Ill. eventually received the assets of WHS-Mass. which had been distributed to Nedlog under the agreement.

In December, 1980, Richard Green, an officer, director, and shareholder of Green Textiles on the date the agreement was executed, entered into employment with Thirsty Time Beverages Corp., a Massachusetts corporation. Thirsty Time is also engaged in the fruit drink business. It is alleged that such employment is in violation of the covenant not to compete contained in the agreement. That issue is the subject of a lawsuit currently pending in the District Court for the District of Massachusetts entitled *Richard Green v. Wilmot H. Simonson Company and The Nedlog Company,* Case No. 81–2301.

In March, 1981, Green's employment with Thirsty Time terminated. Since that time, Green has been employed by and has also been terminated by the 4-U Company of America, another entity involved in the fruit beverage business.

In Count I, WHS-Ill. asserts that, by the competitive activities of Green, Green Textiles has violated the covenant not to compete contained in the agreement. Count II of the complaint alleges that Green Textiles breached its obligations as a guarantor under the agreement. Under the agreement, Green Textiles agreed to unconditionally guarantee each and every obligation, representation, and warranty of WHS-Mass. and to indemnify WHS-Ill. for all losses, damages, liabilities, costs and expenses, including reasonable attorneys' fees arising from breaches of the agreement. Due to Green's alleged competitive activities, WHS-Ill. has

incurred legal fees in excess of $38,000 and claims additionally that it has lost business as a result of such activities. Green Textiles has refused to indemnify WHS-Ill. for its costs, losses, or attorneys' fees.

In its motion to dismiss or transfer, the defendants have claimed a litany of bases on which they claim the instant matter should be dismissed or transferred. The Court will consider these assertions *seriatim*.

### I. *12(b)1*

■ The defendant has challenged this Court's diversity jurisdiction over the instant matter by asserting that the complaint does not sufficiently allege the jurisdictional amount of $10,000 as required by 28 U.S.C. § 1332.[1] The plaintiffs have, however, claimed damages far in excess of the jurisdictional amount.

Initially, plaintiffs have asserted that they have incurred legal expenses of more than $38,000 which they claim is recoverable under the contract. In addition, Count I asks the Court to declare the six remaining annual payments, which total over $75,000, as no longer due because of defendants' alleged competitive conduct in violation of the agreement. While there is no certainty that plaintiff will recover more than $10,000, it cannot be gainsaid that there is a legal certainty that the plaintiff *cannot* recover the amount claimed as required by *St. Paul Mercury Indemnity Co. v. Red Cab Co.,* 303 U.S. 283, 288, 58 S.Ct. 586, 590, 82 L.Ed. 845 (1938). Plaintiff's allegations appear to have been made in good faith and without malice insofar as the jurisdictional amount is concerned. Defendants' claims to the contrary are without merit. The defendants' attempts to argue the merits of the case to show that the jurisdictional amount is not met are misplaced. The motion to dismiss for lack of federal jurisdiction is therefore denied.

### II. *12(b)2 and 12(b)5*

The defendant has also moved to dismiss the complaint for lack of personal jurisdic-

tion. Defendants' assertions in this regard are also unfounded.

■ Paragraph 17.02 of the agreement, which forms the basis for the instant lawsuit, provides:

This Agreement shall be construed and enforced in accordance with the laws of the Commonwealth of Massachusetts. In the event of a dispute hereunder, the parties hereto consent to jurisdiction in an appropriate Illinois state court or the Federal District Court for the Northern District of Illinois.

The parties have plainly consented to the jurisdiction of the courts within the State of Illinois. The exertion of personal jurisdiction is generally limited only by the due process clause and may be exercised to the extent permitted therein. *O'Hare International Bank v. Hampton,* 437 F.2d 1173 (7th Cir.1971). It is unclear how it could be gainsaid that consenting to jurisdiction could conceivably violate due process where the party who has consented is the very party complaining of the due process violation.

Under the jurisdictional and process rules of the Illinois Courts, which control the instant matter, Fed.R.Civ.P. 4, it is clear that jurisdiction over a person may be conferred by consent. *Rabbitt v. Webber & Co.,* 297 Ill. 491, 130 N.E. 787 (1921). *See, also, Bania v. Royal Lahaina Hotel,* 37 Ill. App.3d 661, 347 N.E.2d 106 (1st Dist.1975). Having so consented, the defendants cannot object to this Court's jurisdiction.

■ In connection with the motion to dismiss under Fed.R.Civ.P. 12(b)2, the defendants argue, in essence, that the consent is ineffective in the instant matter as, at least as to some defendants, the claim does not arise under the contract. The Court does not concur in this assessment.

All of the parties to this lawsuit are bound to the provisions of the agreement. WHS-Ill. seeks to recover from the defendants, who were parties to the agreement, under the terms of the contract. Whether

---

1. Defendants initially challenged jurisdiction based on plaintiff's alleged failure to properly allege diversity. Defendants have since rescinded that challenge.

it will ultimately succeed and against which parties is not a matter which the Court may consider at this juncture. Suffice it to say that, for purposes of jurisdiction and the consent to jurisdiction clause, the lawsuit arises under the contract, thus effectuating the consent to jurisdiction clause. Defendants' arguments to the contrary are simply unfounded.

■ As defendants had consented to personal jurisdiction in Illinois, under Fed.R. Civ.P. 4(c) and Ill.Rev.Stat. ch. 110, ¶ 2–208 (1981), personal service could be made outside of the State of Illinois in the same manner as personal service within the state. Pursuant to Rule 4(c), a special process server was appointed who, on October 4, 1982, personally served Defendant Simon for himself and on behalf of Defendant Green Textiles as its authorized agent. Proof of service was filed with the Court on October 13, 1982. The Court can see no reason why such service should be held improper. The service of summons clearly complied with the applicable law and was therefore valid and effective as personal service. The defendants' motions brought pursuant to Fed. R.Civ.P. 12(b)2 and Fed.R.Civ.P. 12(b)5 are therefore denied.

### III.  *12(b)3*

■ Defendants have moved to dismiss the instant action based on an alleged impropriety of venue in the Northern District of Illinois. Defendants argue that venue is improper under 28 U.S.C. § 1391 as, it is claimed, venue in the instant case is controlled by § 1391(b) which places venue in the district in which the claim arose as well as where all the defendants reside, and not § 1391(a) which allows venue to be placed where all the plaintiffs reside as well. Support for defendants' assertions in this regard is founded in a most creative yet erroneous argument.

§ 1391(a), of course, is available only where federal jurisdiction is founded solely in diversity, whereas § 1391(b) applies in cases not founded solely in diversity. While defendant acknowledges that the only possible basis for jurisdiction in the instant case is diversity, it nevertheless argues that if the complaint properly asserts a jurisdictional amount at all, it does so only with respect to one count and not as to both. Although such an assertion is incorrect as both counts allege damages in excess of $10,000, (*see* § I., *supra.*) even were the defendants' assertion true, it would be inconsequential as, in order to meet the jurisdictional amount, a party may aggregate the claims it has against any opposing party. *Lynch v. Porter,* 446 F.2d 225 (8th Cir.1971), *cert. denied,* 404 U.S. 1047, 92 S.Ct. 711, 30 L.Ed.2d 739; *Jeffries v. Silvercup Bakers, Inc.,* 434 F.2d 310 (7th Cir. 1970). Furthermore, where one claim is properly before a federal court, that another claim is included which is pendent to the first does not negate the fact that the first claim is founded solely on diversity or solely on another basis of jurisdiction. While the Court cannot imagine a diversity case in which pendent jurisdiction would be required to invoke jurisdiction over a claim between the same parties as involved in the primary claim, even were it possible, the existence of a pendent claim in a diversity case would not destroy the fact that jurisdiction is founded solely on diversity. A case not founded solely on diversity contemplates not a pendent claim, but a case involving, for example, a question of federal law, *Macon Grocery Co. v. Atlantic Coast Line Railroad Co.,* 215 U.S. 501, 30 S.Ct. 184, 54 L.Ed. 300 (1910), or an action brought in the name of the United States on the relation of a private party for the benefit of the United States, *Davidson Bros. Marble Co. v. United States,* 213 U.S. 10, 29 S.Ct. 324, 53 L.Ed. 675 (1908). The test of whether a case is founded solely on diversity involves a removal of the diversity and a subsequent examination of whether federal jurisdiction could thereafter survive in any way. Assuming the allegations of the defendants to be true and correct in the matter at bar, application of the test reveals that, without diversity, federal jurisdiction would be destroyed. That being the case, it is clear that federal jurisdiction in the instant case is founded *solely* on diversity and that the proper determination of

venue is § 1391(a) which allows plaintiffs to file in the district wherein all plaintiffs reside. In the instant case, it is admitted that plaintiff WHS-Ill. is an Illinois corporation. It is thus deemed to reside in Illinois for venue purposes as a party plaintiff. As it filed suit in the U.S. District Court for the Northern District of Illinois, venue is proper in this district under § 1391(a). The defendants' motion to dismiss for improper venue must therefore be denied.

### IV. *28 U.S.C. § 1404*

▬▬▬ In addition to the above motions to dismiss, the defendants have filed a Motion to Transfer Venue to the District of Massachusetts pursuant to 28 U.S.C. § 1404. Under the statute, a District Court in which venue is proper may nevertheless transfer any civil action to any other district where it might have originally been brought if such a transfer is in the interest of justice. In determining whether transfer is warranted, the District Court is given broad discretion. *Brown v. Grimm,* 624 F.2d 58 (7th Cir.1980). A key factor to be considered in the consideration of a transfer is the convenience of the parties and witnesses.

▬▬▬ Before a transfer can be made under 28 U.S.C. § 1404(a), venue in the transferor court must be proper. *Chicago R.I. & P.R. Co. v. Igoe,* 212 F.2d 378 (7th Cir.1954). In addition, subject matter jurisdiction must be established. These requirements have been met in the matter here under consideration. The Court must therefore turn to a consideration of the equitable factors here involved relating to the convenience of the parties and witnesses, access to other sources of proof, availability of compulsory process, costs, the situs of any relevant events, and the interests of justice in general to determine the desirability of a venue transfer. Having weighed these factors, the Court concludes that the defendants have met their burden of clearly demonstrating the superiority of the Massachusetts forum.

Any contact with an Illinois forum in the instant case is purely incidental. All defendants are Massachusetts' residents. In addition, the plaintiff has admitted to doing business in Massachusetts. The agreement which underlies plaintiff's claim was executed in Massachusetts and, by its terms, is to be construed under the laws of that state. All of the activities which form the basis for plaintiff's claim are alleged to have occurred in Massachusetts, including the competitive activities of Mr. Green, who does not appear to be subject to compulsory process in Illinois. Additionally, none of the individuals or other entities connected with such activities are Illinois residents or are subject to process in this state. Finally, it is interesting to note that the competitive activities of Mr. Green are the subject of a counterclaim filed by the defendants herein in a case pending in the District of Massachusetts.

None of the facts relating to the issues presented in the instant cause appear to have any relation whatsoever to an Illinois forum. The only link to this forum is the fact of plaintiff's incorporation here. In light of these circumstances, in the interest of justice, the Court is compelled to hold that the instant matter should be transferred to the District Court for the District of Massachusetts.

▬▬▬ The existence of the consent to jurisdiction clause in the agreement here at issue does not bar the Court from a transfer of the cause before the Court. Such a clause is in no way tantamount to an agreement placing venue exclusively in this forum. *Coface v. Optique DuMonde, Ltd.,* 521 F.Supp. 500 (S.D.N.Y.1980). Venue and jurisdiction are not coextensive concepts but are instead to be kept separate and distinct. Hence, the Court is not precluded from transferring this matter to a forum outside of Illinois.

### V. *12(b)6*

▬▬▬ Having determined that a transfer of the instant matter to the District of Massachusetts is proper and necessary, the Court will decline the opportunity to consider the defendants' motion to dismiss for failure to state a claim brought

pursuant to Fed.R.Civ.P. 12(b)6 and will leave that matter to the transferee court for consideration.[2] *MacNeil Bros. Co. v. Cohen,* 158 F.Supp. 126 (D.Md.1958).

## CONCLUSION

The facts of the instant case make clear that transfer pursuant to 28 U.S.C. § 1404 is warranted and that, although the Northern District of Illinois is a technically proper forum, the District of Massachusetts provides an appropriate and more desirable forum when the interests of justice are considered. In this regard, defendants can clearly be said to have prevailed on their motion. Such a victory, however, does not excuse the baseless motions filed under subsections 1, 2, 3, and 5 of Rule 12(b). As is evident from this opinion, such motions are without genuine legal basis.

■ The Court concedes that many, if not most, arguments made by counsel are less than certain to carry the day. Such is the nature of the practice of law and of advocacy in general. Nevertheless, it is hoped that in the contemplation and preparation of arguments and strategem, attorneys will be tempered by some degree of good faith. As such an element appears to be lacking in the motions submitted by the defense under the various subsections of Rule 12(b), pursuant to the inherent equity power of the Court, *Roadway Express, Inc. v. Piper,* 447 U.S. 752, 765, 100 S.Ct. 2455, 2463, 65 L.Ed.2d 488 (1980); *Alyeska Pipeline Services Co. v. Wilderness Society,* 421 U.S. 240, 258–259, 95 S.Ct. 1612, 1622, 44 L.Ed.2d 141 (1975), the costs and attorneys' fees incurred by plaintiff in responding to defendants' Motions to Dismiss are hereby awarded to plaintiff and are to be paid by counsel for defendants. 28 U.S.C. § 1927.[3]

2. In so doing, the Court notes the possible incongruity and inconsistency of having made rulings on other of the motions before the Court. No incongruity in fact exists in the Court's having made such rulings, as the rulings made were required so that the Court could properly find, and subsequently transfer, venue pursuant to 28 U.S.C. § 1404(a). Had the Court not found jurisdiction, proper service, and venue in this forum, no transfer pur-

The defendants' Motion to Transfer Venue to the District of Massachusetts is hereby granted. The plaintiff's Motion for Costs and Fees is hereby granted. The plaintiff's Motion to Reconsider the Transfer Order is hereby denied.

IT IS SO ORDERED.

suant to § 1404(a) could be effectuated. By comparison, a ruling on a 12(b)6 motion is not required before a proper transfer can be made.

3. The foregoing represents a slight modification from the original order of this Court issued December 22, 1982. Insofar as this opinion varies from the original, the defendants' Motion to Modify the Court's Order of December 22, 1982 is granted.