**G.H. MILLER & COMPANY, an Illinois Corporation, Plaintiff,**

v.

**Joyce M. HANES and Robert M. Hanes, Defendants.**

No. 83 C 3158.

United States District Court, N.D. Illinois, E.D.

June 28, 1983.

**306**

Dan R. Roin, Terrie A. Rymer, Fischel & Kahn, Chicago, Ill., for plaintiff.

Michael von Mandel, Chicago, Ill., Stuart N. Bennett, Denver, Colo., for defendants.

## MEMORANDUM ORDER

BUA, District Judge.

Before the Court is the defendants' Motion For a Change of Venue under 28 U.S.C. § 1404 or, in the alternative, for a Stay of Proceedings. Also pending is the defendants' Motion to Dismiss for lack of personal jurisdiction pursuant to Fed.R.Civ.P. 12(b)(2). For the reasons stated herein, the Motion to Dismiss is denied and the Motion For a Change of Venue is granted. The Motion for a Stay of Proceedings is declared to be moot.

Plaintiff filed the instant lawsuit on March 30, 1983 in the Circuit Court of Cook County, Illinois, alleging that it is owed certain sums of money by the defendants in connection with a commodities trading agreement (the agreement) between the parties. Simultaneously, the defendants filed a lawsuit in the Weld County, Colorado, State District Court alleging breach of fiduciary duty, negligence, fraud, and violation of the Commodity Exchange Act. Both the Illinois case and the Colorado case have been removed to the federal court in their respective jurisdictions pursuant to 28 U.S.C. § 1441.

The agreement contains two provisions relevant to the matters now pending before the Court. It provides:

10. Notwithstanding the fact that I may not be a resident of the State of Illinois, I hereby agree that all transactions between us shall be deemed to have been executed and to have taken place within the City of Chicago and State of Illinois.

\* \* \* \* \* \*

15. The provisions of this Agreement shall in all respects be construed according to, and the rights and liabilities of the parties hereto shall in all respects be governed by, the laws of the State of Illinois. I specifically consent to and submit to the jurisdiction of the courts of the State of Illinois for the purpose of adjudicating any and all disputes which may arise with you hereunder.

These provisions, which appear to be both consent to jurisdiction and forum selection clauses, are relevant to both the personal jurisdiction question and the transfer of venue issue. The Court will consider each issue separately.

*The Motion to Dismiss for Lack of Personal Jurisdiction*

Notwithstanding the consent to jurisdiction clause contained in the agreement, the defendants seek dismissal of the instant action for lack of personal jurisdiction.

Consent to jurisdiction clauses such as the one involved in the case at bar have long been recognized as valid except where due process requires otherwise. *See, e.g., National Equipment Rental v. Szukhent,* 375 U.S. 311, 84 S.Ct. 411, 11 L.Ed.2d 354 (1964); *O'Hare International Bank v. Hampton,* 437 F.2d 1173 (7th Cir.1971). In the instant case, the defendants do not specifically argue that upholding the consent to jurisdiction clause would violate due process. Instead, they contend that because of various factors, considered more in depth in connection with the Motion to Transfer, the clause is unenforceable.[1] Among the

1. Defendants make no separate argument relating to the personal jurisdiction question but rather assume that all arguments relative to the

factors which the defendants cite are the defendants' residence in Colorado, their inexperience as commodity traders, the Colorado situs of the execution of the agreement, and the boilerplate nature of the agreement.

The factors noted by the defendants may clearly be considered in connection with a Motion to Transfer and indeed weigh heavily in favor of transfer. *Leasewell Ltd. v. Jake Shelton Ford, Inc.,* 423 F.Supp. 1011 (S.D.W.V.1976). Nevertheless, this Court does not believe, and the defendants do not argue, that upholding the consent to jurisdiction clause would violate due process. The Motion to Dismiss for lack of personal jurisdiction therefore must be denied.

*The Motion to Transfer Venue*

The defendants argue that the instant lawsuit should be transferred to Colorado based on a number of factors. Plaintiff, however, contends that the defendants have consented to venue in Illinois and therefore that venue is proper in this District and should not be transferred.

It is apparently plaintiff's contention that the consent to jurisdiction clause and the clause placing the situs of the transaction in Illinois amount to a forum selection clause which places venue exclusively in Illinois. In this contention the Court does not concur.

■ Before a court may consider transferring a case under 28 U.S.C. § 1404(a), it must first be a forum in which venue is proper. *Chicago R.I. & P. Co. v. Igoe,* 212 F.2d 378 (7th Cir.1954). Because plaintiff is an Illinois corporation which therefore is deemed to be an Illinois resident and because the agreement places the situs of the transaction in Illinois, venue is proper in this Court. 28 U.S.C. § 1391(a).

Additionally, the district to which the movants seek to have the matter transferred must be a forum in which the case could have originally been brought. 28 U.S.C. § 1404(a). Because the defendants reside in Colorado, this prerequisite has also been met. The Court therefore turns to a consideration of the equitable factors here involved including, *inter alia,* the convenience of the parties and witnesses, the situs of material events, availability of compulsory process, and the interests of justice in general, to determine the desirability of a venue transfer. *Wilmot H. Simonson v. Green,* 554 F.Supp. 1229 (N.D.Ill.1983); *Leasewell Ltd. v. Jake Shelton Ford, Inc.,* 423 F.Supp. 1011 (S.D.W.V.1976). Based on these factors, this Court believes that a transfer of venue is warranted in the instant case.

■ A plaintiff's choice of forum is to be accorded great weight in considering a motion to transfer venue. Nevertheless, where, as here, the chosen forum lacks any significant connection with the underlying claim, it is of reduced significance and becomes but one of many factors which the Court may consider. *Hotel Constructors, Inc., v. Seagrave Corp.,* 543 F.Supp. 1048 (N.D.Ill.1982). *See, also, Norwood v. Kirkpatrick,* 349 U.S. 29, 75 S.Ct. 544, 99 L.Ed. 789 (1955).

In the instant case, the defendants are two married individuals who work and reside in Colorado. Additionally, all of the material events underlying the instant case, including the signing of the agreement, transpired in Colorado. All dealings on behalf of Miller were done through its agent in Colorado. Presumably, such individuals would be subject to compulsory process in Colorado and could be brought to testify with little inconvenience. These factors weigh heavily in favor of transfer.

■ The existence of a consent to jurisdiction clause in the case at bar does not preclude this Court from considering a transfer of this case to the District of Colorado as such a clause is in no way tantamount to an agreement placing venue exclusively in this forum. *Wilmot H. Simonson v. Green,* 554 F.Supp. 1229 (N.D.Ill. 1983); *Coface v. Optique DuMonde Ltd.,* 521 F.Supp. 500 (S.D.N.Y.1980). Additionally, even if the Court reads the clauses as a forum selection clause, such a clause is but one of many factors to be considered by the Court, *Full-Sight Contact Lens Corp. v. Soft Lenses Inc.,* 466 F.Supp. 71 (S.D.N.Y.

jurisdiction question apply to the venue question.

1978), and may be disregarded if it appears to be unreasonable. *Randolph Engineering Co. v. Fredenhagen Kommandit-Gesellschaft,* 476 F.Supp. 1355 (W.D.Pa.1979). If a forum selection clause is a part of a "boilerplate" agreement, its significance is greatly reduced as such a classification indicates an inequality in the parties' bargaining power. *Taylor v. Titan Midwest Construction Corp.,* 474 F.Supp. 145 (N.D.Tex.1979).

In the instant case, the clauses which purport to be forum selection provisions are of greatly reduced significance. In connection with the Colorado proceeding, defendants note that the plaintiff admitted that the clauses were "boilerplate."[2] Indeed, it does not appear that any effort was made to ascertain whether the transaction had any connection whatsoever with Illinois. Instead, the agreement signed by the defendants was apparently the standard form contract used by Miller regardless of whether the transaction actually did have a connection with Illinois. At best, under these circumstances, the clauses herein noted are but one of a number of factors which the Court may consider and are not dispositive of the venue issue. Given the weight of the other factors herein mentioned, these provisions are of little consequence.

Currently pending in the District Court of Colorado is a case filed by the defendants herein, *Hanes v. Miller,* 83–JM–702 (D.Colo.). In that suit, defendants allege breach of fiduciary duty, negligence, fraud, and violation of the Commodities Exchange Act. In denying a Motion to Transfer Venue which had been filed by Miller, Judge Moore found that convenience of the parties and witnesses, unequal bargaining power, the situs of the material events, and the boilerplate nature of the choice of forum clause all militated against the transfer. *Hanes v. Miller,* 83–JM–702 (D.Colo. June 17, 1983). In the instant case, the very same factors justify transfer. At a mini-

mum, such transfer would work to eliminate the possibility of duplicative litigation, thus furthering the interests of justice. *Wooldridge v. Beech Aircraft Corp.,* 479 F.Supp. 1041 (W.D.Mo.1979).

Based on the foregoing, it is apparent that the equitable factors of this case weigh in favor of transferring this case to Colorado.[3] The motion to transfer is therefore granted.

*The Motion For a Stay*

Defendants have filed a Motion to Stay the instant proceedings until the Colorado Court has ruled on the motion to transfer pending in that suit. Because that motion has been ruled on, the Motion to Stay is moot.

*Conclusion*

For the reasons set out herein, the Motion to Dismiss is denied, the Motion to Stay is declared to be moot, and the Motion to Transfer to the U.S. District Court for the District of Colorado is granted.

IT IS SO ORDERED.

---

**2.** Indeed, defendants' claim that they were unaware of the meaning of the choice of forum clause, thus lending credence to the *Taylor* court's observation.

**3.** One factor which defendants argue should militate in favor of a change of venue is the congestion of the Court's docket. In fact, in the instant matter, such factor weighs against transfer as this Court has pending on its calendar roughly 200 less cases than the average judge in the District of Colorado.