WALTER E. HELLER & COMPANY, Plaintiff,

v.

JAMES GODBE COMPANY, James R. Godbe and James R. Godbe, Jr., Defendants.

No. 84 C 5209.

United States District Court, N.D. Illinois, E.D.

Nov. 8, 1984.

Nathan H. Dardick, Jill B. Berkeley, Ellen J. Barron, Dardick & Denlow, Chicago, Ill., for plaintiff.

Karen R. Goodman, Carmel, Baker & Marcus, Chicago, Ill., for defendants.

## MEMORANDUM OPINION AND ORDER

ASPEN, District Judge:

Plaintiff Walter E. Heller & Company ("Heller") brings this breach of contract action against defendants James R. Godbe Company, James R. Godbe and James R. Godbe, Jr. (collectively "the Godbes") to recover money allegedly due under certain equipment leases and related guaranties.[1]

Presently before the Court are two motions: the Godbes' motion to transfer venue of this action to the Northern District of Texas and Heller's motion to enjoin proceedings in a second suit filed by the Godbes against Heller in Texas. For the reasons set forth below, the motion to transfer venue is granted, and the motion to enjoin the Texas action is denied.

### A.

Heller initially argues that the Godbes have waived any objections to venue in Illinois because of certain provisions contained in the equipment leases and guaranty agreements. Each equipment lease includes the following section:

(22) CHOICE OF LAW; SERVICE OF PROCESS. This Lease shall be binding and effective only when signed by an officer of Lessor at its home office in Chicago, Illinois, and, except for local filing requirements, shall be governed by Illinois law and shall be deemed to have been made in Chicago, Illinois. Lessee does hereby submit to the jurisdiction of any courts (federal, state or local) having a situs within the State of Illinois with respect to any dispute, claim or suit arising out of or relating to this Lease or Lessee's obligations hereunder....

Similarly, each written guaranty contains the following language:

This Guaranty shall be governed as to validity, interpretation, effect and in all other respects by the laws and decisions of the State of Illinois. The undersigned do hereby submit to the jurisdiction of any court (federal, state or local) having situs within the State of Illinois....

Heller contends that by agreeing to these choice of law and consent to jurisdiction clauses, the Godbes contracted to litigate all disputes arising out of the lease and guaranty agreements only in Illinois and are now precluded from moving for transfer of venue under 28 U.S.C. § 1404(a).

■ We disagree. It is true that the Godbes have consented contractually to the

---

1. Jurisdiction is based on diversity of citizenship, 28 U.S.C. § 1332(a)(1), and venue is assert-
ed under 28 U.S.C. § 1391.

jurisdiction of the courts within Illinois. Implicit in this consent is consent to venue as well as to personal jurisdiction. *Coface v. Optique du Monde, Ltd.,* 521 F.Supp. 500, 506 (S.D.N.Y.1980). Thus, the Godbes may not claim now that venue in Illinois is improper and move for dismissal or transfer under 28 U.S.C. § 1406(a). However, the Godbes make no such assertion. They concede that this Court has jurisdiction over them in this suit and, by moving for a transfer of venue under § 1404(a) rather than § 1406(a), that venue is proper in this district.

▮ Notwithstanding the foregoing, the Godbes argue that they may still move for transfer to another district because the consent to jurisdiction provisions fail to establish Illinois as the *exclusive* forum for litigation between the parties. This argument is persuasive. A plain reading of the contractual provisions reveals that Illinois is merely established as a *permissible* forum with jurisdiction over the Godbes. *Compare M/S Bremen v. Zapata Off-Shore Co.,* 407 U.S. 1, 92 S.Ct. 1907, 32 L.Ed.2d 513 (1972) (contract provided that "[a]ny dispute arising must be treated before the London Court of Justice"); *Full-Sight Contact Lens Corp. v. Soft Lenses, Inc.,* 466 F.Supp. 71 (S.D.N.Y.1978) (parties expressly agreed that "any suit brought by Distributor shall be brought in either San Diego or Los Angeles County"). Numerous other courts have taken care to distinguish choice of law and consent to jurisdiction provisions like the ones in this case from agreements placing venue exclusively in a single forum. *E.g., Plum Tree, Inc. v. Stockment,* 488 F.2d 754, 758 n. 7 (3d Cir. 1973); *Credit Alliance Corp. v. Crook,* 567 F.Supp. 1462, 1465 (S.D.N.Y.1983); *G.H. Miller & Co. v. Hanes,* 566 F.Supp. 305, 307 (N.D.Ill.1983); *Wilmot H. Simonson*

*Co. v. Green Textile Associates, Inc.,* 554 F.Supp. 1229, 1234 (N.D.Ill.1983); *Coface v. Optique du Monde, Ltd.,* 521 F.Supp. 500, 506 (S.D.N.Y.1980). Consequently, the contractual provisions in this case do not bar the Godbes from moving for a transfer of venue under 28 U.S.C. § 1404(a).[2]

**B.**

In order to meet the requirements of § 1404(a), the Godbes must establish: (1) that venue is proper in the transferor district; (2) that the transferee court is in a district where the action may have been brought originally; and (3) that the transfer is for the convenience of the parties and witnesses, in the interest of justice. The first two requirements are clearly satisfied in this case. Venue is proper in the Northern District of Illinois, the transferor district, since it is where Heller is deemed to reside. 28 U.S.C. § 1391(a) and (c). Venue is also proper in the Northern District of Texas, the transferee district, where all the defendants reside. 28 U.S.C. § 1391(a). We therefore turn to a consideration of the equitable factors involved in a transfer of venue.

▮ Generally, a plaintiff's choice of forum is to be given considerable weight in determining whether to transfer. However, where the chosen forum lacks any significant connection with the underlying claim, it is of reduced importance and becomes just one of the many factors which the court may consider. *G.H. Miller & Co.,* 566 F.Supp. at 307; *see also Norwood v. Kirkpatrick,* 349 U.S. 29, 75 S.Ct. 544, 99 L.Ed. 789 (1955). Heller does not really dispute the Godbes' assertion that, although an officer of Heller gave final approval to the contracts in Illinois, all the relevant representations, negotiations and transactions involving the Godbes and Hel-

---

**2.** We note additionally that even when a forum selection clause places venue exclusively within a particular state, courts have held that such a clause is "but one of many factors to be considered by the Court" in deciding a motion to transfer venue under § 1404(a). *G.H. Miller & Co.,* 566 F.Supp. at 307; *see also Plum Tree,* 488 F.2d at 757–58; *Full-Sight,* 466 F.Supp. at 74. As the Third Circuit observed, Congress clearly stated in § 1404(a) the factors which it intended to decide a motion for transfer. Only one of these factors—the convenience of the parties—is within the power of the parties themselves to affect by private agreement. *Plum Tree,* 488 F.2d at 758. Thus, even a clear forum selection clause (which is not present in this case) does not preclude a court from weighing all the factors relevant to a transfer of venue.

ler's agents in Texas, occurred in and around Dallas, Texas. Thus, Heller's choice of forum is of lesser importance in this case.

 The facts presented by Heller and the Godbes indicate that the convenience of the parties is neutral in this case. Either side will be inconvenienced if this action is brought in the other parties' resident district, and the financial strengths of the parties, if not equal, are not disparate enough to tip the balance in the Godbes' favor.[3]

However, the remaining factors—the convenience of the witnesses and the interest of justice—warrant a transfer of venue to Texas. Heller states that its principal witnesses are two employees who work in Illinois in collection matters arising from Heller's leasing operations and who will be inconvenienced by litigation in Texas. Godbe argues that these witnesses are hardly necessary, as they can only testify about such matters as the execution of the contracts, the Godbe' failure to continue payments under the leases and the amounts and number of payments already made and allegedly due. The Godbes do not dispute these matters and thus argue that the parties could easily stipulate to this information.

On the other hand, the Godbes' witnesses include various persons present at or otherwise involved in the equipment lease negotiations in Texas. They will be asked to testify about the transactions and any representations made to the Godbes, in support of the Godbes' affirmative defenses. However, these witnesses are neither residents of Illinois nor parties to this action. They therefore are not amenable to process within Illinois, and their attendance at trial before this Court could not be compelled. Moreover, because the Godbes' witnesses are representatives or agents of Heller, they may well be reluctant to testify volun-

tarily. *See, e.g., Hotel Constructors, Inc. v. Seagrave Corp.*, 543 F.Supp. 1048, 1051–52 (N.D.Ill.1982); *Commercial Solvents Corp. v. Liberty Mutual Insurance Co.*, 371 F.Supp. 247, 250 (S.D.N.Y.1974). The credibility of these witnesses will be important to the Godbes' efforts to establish their affirmative defenses, so the use of depositions would not be an adequate substitute for live testimony. *Id.; see also Hess v. Gray*, 85 F.R.D. 15, 25 (N.D.Ill. 1979). Thus, the unavailability of these material non-party witnesses weighs heavily in favor of transfer.

As stated above, most or all of the relevant events took place in Texas. Although the parties' contracts provide that Illinois law will govern this action, the Texas federal court certainly has sufficient access to Illinois legal materials and is as able as this Court to apply Illinois law. To be sure, no intricate questions of Illinois law appear to be involved in this case. *See Coface*, 521 F.Supp. at 511.

In conclusion, we find that the Godbes have demonstrated the superiority of the Texas forum, and their motion to transfer pursuant to § 1404(a) is granted. Accordingly, there is no need for this Court to interfere with the other suit already pending in Texas, and Heller's motion to enjoin proceedings in that action is denied. It is so ordered.

---

**3.** The individual Godbes assert that they have insufficient financial resources to litigate in Illinois. However, the corporate defendant is a multi-million dollar business. We see no great difference in the abilities of Heller and the Godbes to bear the financial burden of litigating this action in a distant forum.