**ZURICH INSURANCE COMPANY, Plaintiff,**

v.

**RAYMARK INDUSTRIES, INC., and Liberty Mutual Insurance Company, Defendants.**

No. 87 C 6450.

United States District Court,
N.D. Illinois, E.D.

Nov. 10, 1987.

Robert J. Bates, Jr., Phelan, Pope & John, Ltd., Chicago, Ill., for plaintiff.

Frank K. Heap, Larry L. Thompson, Joan S. Kato, Bell, Boyd & Lloyd, Chicago, Ill., for defendant Raymark Industries.

Kenneth A. Latronico, Keevers & Hittle, Chicago, Ill., for defendant Liberty Mut. Ins. Co.

## MEMORANDUM ORDER

BUA, District Judge.

This order concerns defendant Raymark Industries, Inc.'s motion to transfer this action to the United States District Court for the Eastern District of Pennsylvania pursuant to 28 U.S.C. § 1404(a). For the reasons stated herein, Raymark's motion to transfer is granted.

### I. *Jurisdiction*

On July 21, 1987, Raymark Industries, Inc., removed this action from the Circuit Court of Cook County, Illinois to the United States District Court for the Northern District of Illinois. This court has diversity

jurisdiction pursuant to 28 U.S.C. § 1332 in that the amount in controversy exceeds $10,000 exclusive of interests and costs, and diversity of citizenship is present. Plaintiff Zurich Insurance Co. ("Zurich") is an Illinois corporation with its principal place of business in Schaumburg, Illinois. Defendant Raymark Industries, Inc. ("Raymark") is a Delaware corporation licensed to do business in Illinois with its principal place of business in Trumbull, Connecticut. Defendant Liberty Mutual Insurance Co. ("Liberty") is also a Delaware corporation licensed to do business in Illinois with its principal place of business in Boston, Massachusetts.

## II. *Facts*

On June 26, 1987, Zurich instituted an action for declaratory judgment against Raymark and Liberty in the Circuit Court of Illinois seeking to rescind its duties under an insurance policy issued to Raymark (the "Zurich policy"). Raymark had made a claim under the Zurich policy for certain underlying environmental damage suits brought against Raymark in the Eastern District of Pennsylvania (the "Underlying Action"). Raymark is charged in the Underlying Action with maintaining a factory which allegedly contaminated ground water and drinking water wells in the Hatboro, Pennsylvania community. The Underlying Action, together with two related contamination suits against Raymark are presently pending before Judge James Giles in the Eastern District of Pennsylvania. Proceedings in those cases have been complex and the parties have pursued extensive discovery. In the case at bar, however, progress is minimal, and the parties have initiated no discovery.

## III. *Discussion*

■ Before a court grants a Section 1404(a) motion to transfer, the movant must show that (1) venue is proper in the transferor district; (2) the transferor court has the power to transfer the case; and (3) the transfer is for the convenience of the parties and witnesses, and is in the interests of justice. *Hotel Constr. Inc. v. Seagram Corp.*, 543 F.Supp. 1048, 1050 (N.D. Ill.1982). The parties do not dispute the existence of the first two elements necessary for transfer in this case. Zurich, however, asserts that transfer would not convenience the parties and witnesses nor would transfer further the interests of justice.

### A. *Convenience of Witnesses and Location of Documentary Evidence*

■ A central concern in determining the propriety of the motion to transfer is the location of parties, witnesses and documents. *Associated Mills, Inc. v. Rush-Hampton Indus., Inc.*, 588 F.Supp. 1164, 1167 (N.D.Ill.1984). In support of its argument to transfer venue in this case, Raymark submits a list of many potential witnesses who would offer testimony relevant to the instant action all of whom reside in or near the Eastern District of Pennsylvania. Additionally, Raymark contends that almost all documentary evidence relating to the Underlying Action is located in the Eastern District of Pennsylvania.

The issue raised in the case at bar is whether the claims asserted in the Underlying Action fall within the coverage of policies issued by Zurich. Both parties concede that the determination of this issue will turn on the terms of the Zurich policy and the facts in the Underlying Action. As such, transfer of this motion to the Eastern District of Pennsylvania is appropriate. The overwhelming majority of witnesses and relevant documents concerning the Underlying Action are located in or near the Eastern District of Pennsylvania. Little doubt exists that necessary discovery in this case will entail deposing many witnesses residing in the Hatboro area and the examination of many of the documents presently situated in the Eastern District of Pennsylvania. As such, convenience weighs in favor of transfering this action to the Eastern District of Pennsylvania.

### B. *Interests of Justice*

To substantiate transfer under Section 1404(a), Raymark must also establish that transfer of this action to the Eastern District of Pennsylvania will promote the interest of justice. Section 1404(a) expands the traditional scope of the *forum non*

*conveniens* doctrine and accords a district court wider discretion to transfer a case when transfer would further the interest of justice. Several factors exist in this case which support the argument that transfer would promote the interest of justice.

First, transfer of this action to a district which is already thoroughly familiar and experienced with the facts and law relevant to this action will promote judicial economy. *See Wilmot H. Simonson Co. v. Green Textile Associates,* 554 F.Supp. 1229, 1234 (N.D.Ill.1983). In the Eastern District of Pennsylvania, Judge Giles has handled all matters relating to the Underlying Action for several years and will soon be making findings of fact and conclusions of law. As such, Judge Giles is already well versed with the relevant facts and pertinent laws concerning the environmental and insurance coverage issues surrounding the Underlying Action. The presence of such an integrally related case in the transferee jurisdiction weighs heavily in favor of transfer. *Magnavox Co. v. APF Elec., Inc.,* 496 F.Supp. 29, 34 (N.D. Ill.1980).

Second, a comparison of the dockets for the Eastern District of Pennsylvania and the Northern District of Illinois, indicates that transfer of this case promotes the interest of justice. Judges in the Northern District have a heavier average case load than the judges sitting in the federal court in Pennsylvania. According to the *Federal Court Management Statistics,* in the period ending June 1986, far more actions were filed and pending per judge and many more actions over three years old were pending in the Northern District. Measured in terms of docket congestion and prospects for an earlier trial, the Eastern District of Pennsylvania is clearly the preferable forum. *See Letter-Rite, Inc. v. Computer*

*Talk, Inc.,* 605 F.Supp. 717, 722 (N.D.Ill. 1985).

[3–5] Finally, Raymark sets forth three additional reasons why transfer of this action would be in the interest of justice. These reasons are as follows: (1) this action is in its earliest stages; (2) important witnesses are not subject to compulsory process in this district; and (3) this action has no significant relationship to this district. The first two of these reasons are not in dispute and support this court's decision granting transfer of this action. With reference to the third, this court recognizes the relationship that the Northern District of Illinois has to the present action is that the Zurich policy was issued and underwritten at Zurich's corporate office in this district.[1] This factor, however, does not outweigh the other considerations establishing that transfer of this action to the Eastern District of Pennsylvania promotes the interest of justice.

## IV. Conclusion

For the foregoing reasons, this court grants Raymark's motion to transfer this action from the Northern District of Illinois to the Eastern District of Pennsylvania.

IT IS SO ORDERED.

---

**1.** The parties also raise arguments concerning whether Illinois or Pennsylvania law should govern construction of the Zurich policy. In diversity cases, a federal district court must apply the choice of law principles of the state in which it is located. In Illinois, the general rule is that construction of a contract of insurance is governed by the place of execution. *Hamilton Die Cast, Inc. v. United States Fidelity & Guaranty Co.,* 508 F.2d 417, 419 (7th Cir.1975). Al-

though Zurich asserts the disputed policy was issued and underwritten at Zurich's offices in Illinois, Zurich does not contend the policy was actually executed in Illinois. As such, this court is unable to determine whether Illinois or Pennsylvania law will be used to interpret the contract. Accordingly, the consideration of which state's law will apply neither favors nor disfavors transfer.