**HELLER FINANCIAL, INC., a Delaware corporation, Plaintiff,**

v.

**RIVERDALE AUTO PARTS, INC., a Georgia corporation, and Leroy Williams, Jr. and Kevin Williams, Georgia residents, Defendants.**

No. 88 C 10286.

United States District Court, N.D. Illinois, E.D.

March 31, 1989.

---

Nathan H. Dardick, Ellen Barron Feldman and Carolyn Gallagher Brocksmith, Dardick & Denlow, Chicago, Ill., for plaintiff.

Michael C. Cook and David L. Hartsell, McCullough, Campbell & Lane, Chicago, Ill., for defendants.

## ORDER

NORGLE, District Judge.

Before the court is the motion of defendants, Riverdale Auto Parts, Inc., ("Riverdale"), Leroy Williams Jr. and Kevin Williams, to transfer this action to the Northern District of Georgia, pursuant to 28 U.S.C. § 1404(a). For the following reasons, the motion is granted.

## FACTS

Plaintiff, Heller Financial, Inc. ("Heller"), as lessor, and Riverdale, as lessee, entered into a lease ("Lease") of certain computer equipment to be supplied by National Business Computers, Inc., ("National"), a Georgia corporation located in Doraville, Georgia. Leroy Williams, Jr. and Kevin Williams guaranteed Riverdale's obligations under the Lease ("Guarantee"). Defendants assert that it was National which suggested that the equipment be leased through Heller, rather than purchased outright. All negotiations between Riverdale, Heller and National concerning the Lease and the Guarantee took place in and around Atlanta, Georgia. The Lease was executed by Riverdale in Georgia and Heller in Illinois. The Guarantee was executed in Georgia.

The Lease and Guarantee both contain provisions whereby the defendants consented to jurisdiction ("consent to jurisdiction provisions"). The Lease ¶ 2 entitled "Choice of Law; Service of Process" states:

Lessee does hereby submit to the jurisdiction of any courts (federal, state or local) having a situs within the State of Illinois with respect to any dispute, claim or suit arising out of or relating to this

Lease or Lessee's obligations hereunder ...

and the Guarantee provides:

The undersigned do hereby submit to the jurisdiction of any court (federal, state or local) having situs within the State of Illinois ...

Both the Lease and Guarantee provide that they are to be interpreted under Illinois law. The defendants, in lieu of an answer, have filed this motion to transfer in which they assert that all of the equipment under the Lease was never delivered to Riverdale by National and that transfer to the Northern District of Georgia is appropriate because National and its agents are both "truly culpable" parties outside the court's personal jurisdiction and unwilling witnesses beyond the court's power of process. Heller has objected to transfer on the grounds that the consent to jurisdiction provisions in the Lease and Guarantee amount to a waiver by the defendants of any objection to venue and that "§ 1404(a) nonetheless would mandate the denial of defendant's motion to transfer."

## DISCUSSION

Transfer is appropriate under 28 U.S.C. § 1404(a) where the moving party demonstrates 1) venue is proper in the transferor district, 2) venue and jurisdiction are proper in the transferee district, and 3) the transfer is for the convenience of parties and witnesses and in the interest of justice. *See Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 219 n. 3 (7th Cir. 1986); *Central States, Southeast and Southwest Areas Pension Fund v. Brown*, 587 F.Supp. 1067, 1069 (N.D.Ill.1984). Though § 1404(a) is derived from the common law doctrine of *forum non conveniens*, the moving party under § 1404(a) has a lesser burden of showing inconvenience than is required under the common law doctrine. *See Northern Indiana Public Service Co. v. Envirotech Corp.*, 566 F.Supp. 362, 364 (N.D.Ill.1983). Moreover, because § 1404(a) does not specify the weight to be accorded each factor, it is left to the descretion of the court. *See Coffey*, 796 F.2d at 219; *see generally* 15 C.

Wright & A. Miller, *Federal Practice* § 3844–47 (1986).

### A. The Consent to Jurisdiction Provisions Do Not Preclude a § 1404(a) Transfer

■ Heller asserts that the consent to jurisdiction provisions amount to a waiver of objection to venue and thus preclude transfer. Defendants acknowledge they they have consented to jurisdiction, but contend that the consent to jurisdiction provisions do not establish this court as the *exclusive* venue. The court agrees with both the defendants' interpretation of the consent to jurisdiction provisions and their reading of the cases relied upon by Heller.

■ While the consent to jurisdiction provisions operate as a consent to both jurisdiction and venue, thereby precluding a motion to transfer for improper venue under 28 U.S.C. § 1406(a), they do not preclude a § 1404(a) motion to transfer to a more convenient venue. In the Lease and Guarantee the defendants "submit to the jurisdiction" of the Illinois' courts. Nowhere in either the Lease or Guarantee, both of which were drafted by Heller, did the defendants consent to Illinois as the *exclusive* venue for the adjudication of any dispute arising under the Lease or Guarantee.

Heller claims that, for its efficiency and convenience, its policy is to ask all of its borrowers and lessees and their guarantors to consent to litigate disputes in Illinois, and that therefore to allow the motion would be to allow the defendants to avoid their contractual commitments. Construing these documents against their drafter, the court will not interpret these documents to have the effect Heller desires. If Heller desires the courts of Illinois to be the exclusive venue for adjudication of its contractual disputes, it need only modify its documents to unambiguously so provide. There is no unfairness here.

Heller relies on *Bremen v. Zapata Offshore Co.,* 407 U.S. 1, 15, 92 S.Ct. 1907, 1916, 32 L.Ed.2d 513 (1972), for the general proposition that the correct approach is to enforce forum selection clauses, without noting that the forum selection clause in *Bremen* designated where any dispute *must* be adjudicated. *Id.* at 3, 92 S.Ct. at 1909–10. Heller then cites numerous cases involving other Heller lessees and guarantors as supportive of its position that the consent to jurisdiction provisions establish Illinois as the exclusive venue for this action and compel the denial of this motion. The cases cited by Heller do not support its proposition, rather they specifically hold to the contrary by evaluating the factors of convenience and interests of justice in determining whether a § 1404(a) transfer is appropriate, despite the presence of identical consent to jurisdiction provisions. *See Heller Financial, Inc. v. South Atlantic Restaurants, Inc.,* No. 83 C 3818, slip op. (N.D.Ill. Aug. 26, 1983) (court weighed § 1404(a) factors); *Heller Financial, Inc. v. Woodline Co., Inc.,* No. 86 C 6802, slip op. at 5, 1986 WL 14645 (N.D.Ill. Dec. 11, 1986) ("Defendant's consent to the provision does not, however, necessarily preclude transfer for the convenience of parties and witnesses, in the interest of justice, under 28 U.S.C. § 1404(a)"); *Walter E. Heller & Co. v. T. K. & F. Inc.,* No. 83 C 8000 slip op. at 2 (N.D.Ill. Feb. 3, 1984) (considering all factors involved the court finds that, in the interest of justice, the Northern District of Illinois is the proper venue for this case); *Walter E. Heller & Co. v. James Godbe Co.,* 601 F.Supp. 319, 321 (N.D.Ill.1984) ("A plain reading of the contractual provision fails to establish Illinois as the exclusive forum ..."); *Heller Financial, Inc. v. Shop–A–Lot, Inc.,* 680 F.Supp. 292, 294 (N.D.Ill.1988) (consent to jurisdiction does not establish venue); *Heller Financial, Inc. v. Nutra Food, Inc.,* 655 F.Supp. 1432, 1434 (N.D.Ill.1987) (consent to jurisdiction does not waive § 1404(a) motion); *see also Heller Financial, Inc., v. King Fish Restaurant and Lounge, Inc.,* 1988 WL 67601, 1988 U.S. Dist. Lexis 5804 (N.D.Ill. June 22, 1988) (forum selection clause does not control). That the court in any of the above decisions ultimately decided not to transfer the action does not support Heller's proposition that the consent to jurisdiction provisions "compel" the denial of transfer, rather

they illustrate the propriety of a § 1404(a) inquiry despite the jurisdiction provisions.

■ As defendants aptly note, not a single court in the district has ever found the consent to jurisdiction provision contained in Heller's documents to preclude transfer. The defendants suggest sanctions. The court, though troubled, declines to award sanctions, which must be employed with the utmost care and caution. *See Federal Deposit Insurance Corp. v. Tekfen Const. and Installation Co.,* 847 F.2d 440 (7th Cir.1988). Heller is admonished to take care that its legal arguments are well grounded. Having determined that the consent to jurisdiction provisions do not preclude this motion, the court will proceed with the inquiry mandated by § 1404(a) and interpretive decisions.

**B. Venue is Proper in the Transferor District and Venue and Jurisdiction are Proper in the Transferee District**

Venue is proper in the Northern District of Illinois, though not because Heller resides here, for Heller, as a corporate plaintiff in a diversity action, is deemed to reside only in the state of its incorporation—Delaware. *See Reuben H. Donnelley Corp. v. F.T.C.,* 580 F.2d 264, 270 and n. 10 (7th Cir.1978). Rather, venue is proper in this district because all the defendants, in the consent to jurisdiction provision, consented to both jurisdiction and venue. Furthermore, this action might have been brought in the Northern District of Georgia. Jurisdiction exists over defendants and venue is proper in the Northern District of Georgia, as that is where all defendants reside. *See* 28 U.S.C. § 1391(a). Thus, the focal point of the analysis is convenience and interest of justice, to which the court now turns.

**C. The Convenience of Parties and Witnesses and the Interest of Justice Favor a Transfer of this Action**

■ Once it has been determined that the court has the power to transfer an action under § 1404(a), both the private interests of the parties and the public interest of the court must be considered in evaluating the convenience and fairness of transfer. Private interests include 1) plaintiff's choice of forum, 2) the situs of material events, 3) the relative ease of access to sources of proof in each forum including the court's power to compel the appearance of unwilling witnesses at trial and the costs of obtaining the attendance of witnesses, 4) convenience to the parties—specifically, their respective residences and abilities to bear the expense of trial in a particular forum. *See generally G. H. Miller & Co. v. Hanes,* 566 F.Supp. 305, 307 (N.D.Ill. 1983); *Blumenthal v. Management Assistance, Inc.,* 480 F.Supp. 470, 472–74 (N.D. Ill.1979); *Coats Co., Inc. v. Vulcan Equipment Co. Ltd.,* 459 F.Supp. 654, 656–57 (N.D.Ill.1978); 15 C. Wright & A. Miller, *Federal Practice* §§ 3849–53 (1986). Public interest factors include the court's familiarity with applicable law and the desirability of resolving controversies in their locale. *See Van Gelder v. Taylor,* 621 F.Supp. 613, 619 (N.D.Ill.1985).

**1. Plaintiff's Choice of Forum in Relation to the Situs of Material Events**

■ Plaintiff's choice of forum, though not accorded the same importance as under the doctrine of *forum non conveniens, see Coats,* 459 F.Supp. at 656–57, is normally given deference, unless the chosen forum lacks any significant connection with the claim. For this reason, it is appropriate to discuss Heller's choice of forum in conjunction with the situs of material events. There are connections to Illinois, as the Lease was accepted by Heller in Chicago, Illinois and by its terms to be deemed is made in Illinois and governed by Illinois law. Heller has an office in Chicago to which the payments under the Lease are to be sent. Yet, the Northern District of Georgia also has significant contacts with this matter. Defendants assert, and Heller does not deny, that all negotiations leading up to the Lease were conducted in the Northern District of Georgia by residents of Georgia. The Lease and Guarantee were executed by the defendants in the Northern District of Georgia. Delivery of the equipment under the Lease was to occur in the Northern District of Georgia.

As discussed above, if Heller wanted its choice of forum to be determinative, it could have so provided in the documents. *See Bremen,* 407 U.S. 1, 92 S.Ct. 1907. Thus, though Heller's choice of forum is entitled to some deference, the weight accorded Heller's forum choice is reduced by the fact that the Northern District of Georgia is the situs of material events.

### 2. Ease of Access to Sources of Proof and Witnesses

Heller asserts that all records necessary to prove up execution and delivery of the Lease and Guarantee, the breach thereof and the balance due thereunder are located in Illinois. Defendants counter that all of their documents relevant to the litigation are located in Georgia. This is not a complicated transaction and there is no claim that the related documents are voluminous. Additionally, it appears that many if not all of the facts which would be established by documentary evidence are not in dispute and could be so stipulated. Defendant's anticipated defense is based upon non-delivery of the equipment and related representations, which it intends to prove by testimony. Thus, the location of evidence does not weigh against or in favor of transfer.

With respect to convenience of witnesses, the court must consider the effect of the location of the witnesses on the court's power to compel the appearance of unwilling witnseses at trial and the costs of obtaining the attendance of witnesses. Heller's witnesses are located in Illinois and the defendants' are in Georgia. Heller claims that four of its current employees and one former employee, all residents of Illinois, are necessary to prove up to the validity of the Lease and Guarantee, defendants' breach and the balance due. The testimony of these witnesses would appear to be cumulative. The defendants do not appear to be contesting much of what these witnesses would be testifying to, and stipulations are a likely alternative. Finally, in the unlikely event that all of these witnesses were required to testify, there is no indication that they would refuse to appear and testify in Georgia.

The defense is based upon the testimony of employees and agents of National who, as Georgia residents, are outside the subpoena power of the Northern District of Illinois and may well be unwilling to voluntarily testify due to potential liability of their employer in this matter. Heller claims that, as defendants have yet to answer, the court cannot properly analyze whether the purportedly necessary witnesses will be relevant. Heller's point has some validity. However, filing a motion to transfer prior to answering is certainly not unusual. Moreover, in ruling, the court cannot assume that this matter will never reach a trial on the merits. Defendants have sufficiently stated the nature of the potential witnesses' testimony. To refuse to transfer this matter would not just make the defendants' litigation of this matter more difficult, it would effectively prevent the defendants from presenting any defense dependent on the live testimony of present or former employees of National who reside beyond the subpoena power of the court. Further, the cost of producing them would be much greater than the cost to Heller to produce in Georgia the Heller representative necessary to testify to those facts concerning the Lease and Guarantee not stipulated to by the parties. Finally, even if these witnesses were to voluntarily appear there is no indication that the court would have personal jurisdiction over National if either party were to attempt to bring National into this action in Illinois.

### 3. Convenience to the Parties

This factor involves the consideration of the parties' respective residences and their abilities to bear the expense of trial in a particular forum. As discussed above, the consent to jurisdiction provisions do not operate as a waiver of any right defendants have to assert the inconvenience of the present forum.

Defendants are all Georgia residents, who have no contact with Illinois. The individual defendants claim hardship will result if they are forced to litigate in Illinois away from their small businesses for which they have responsibility for day to

day operations. Heller, on the other hand, is a large corporation which is qualified to do business in Georgia and better able to bear the expense of litigating in the transferee forum. The inconvenience to the defendants of litigating in the Northern District of Illinois favors transfer.

### 4. Public Interest

Certainly this court is more familiar with Illinois law, which governs the Lease and Guarantee, than is the U.S. District Court for the Northern District of Georgia. Yet, the court is often called upon to decide substantive legal questions based upon state law other than that of Illinois. Certainly, Heller cannot contend that Illinois contract law is so unique as to be beyond the bonds of comprehension of our sister court in Georgia. Also, there is an interest on the part of Georgia to have this conflict resolved where it arose.

### CONCLUSION

Heller's assertion that the consent to jurisdiction provisions have been interpreted so as to compel denial of this motion is incorrect. That it may be Heller's practice to obtain consents to jurisdiction in Illinois and to provide that its documents are deemed made in Illinois and governed by Illinois law does not result in Illinois always being the most convenient venue. *See Heller Financial, Inc. v. Broadway Prudence Hotel Assoc.*, No. 88 C 9742 slip op. (N.D.Ill. March 31, 1989.) Rather, the court must weigh the relevant factors. The court finds that the location of key defense witnesses outside the subpoena power of this district and the burden on defendants of litigating in this district outweigh plaintiff's forum choice. Consequently, the court grants defendants' motion to transfer this action to the Northern District of Georgia, Atlanta Division.

IT IS SO ORDERED.